OA 91  Criminal Complaint

# United States District Court

NORTHERN          DISTRICT OF          CAILFORNIA

UNITED STATES OF AMERICA
V.
RICHARD FERNANDEZ

CRIMINAL COMPLAINT

Case Number: 10-70025 LB

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about October 29, 2009 in Contra Costa County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)
knowingly and intentionally distribute and possess with the intent to manufacture, distribute, or dispense, a controlled substance, namely cocaine,

in violation of Title 21 United States Code, Section(s) 841(a)(1) and (b)(1)(C).

PENALTIES: maximum 20 years imprisonment; $1,000,000 maximum fine; minimum 3 years and maximum 5 years supervised relese; $100 special assessment.

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Approved As To Form: Joshua Hill
AUSA

Name/Signature of Complainant
Tehran Palmer

Sworn to before me and subscribed in my presence,

Jan 11, 2010
Date

at Oakland, California
City and State

LAUREL BEELER          U.S. Magistrate Judge
Name & Title of Judicial Officer          Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Tehran Palmer, Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, hereby declare as follows:

1. I am a Special Agent (SA) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since September 2004. Currently, I am assigned to the San Francisco Field Division, where my responsibilities involve the investigation of federal firearms-related offenses. I have participated in physical and electronic surveillance, undercover narcotics and firearms transactions, executed search warrants, and reviewed recorded conversations of firearms and drug traffickers. As a federal agent, I am authorized to investigate violations of the laws of the United States and am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

2. The statements contained in this affidavit are based on information from my investigation as well as my training, experience, and knowledge of this investigation. Because this affidavit is being submitted for the limited purpose of seeking a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Richard **FERNANDEZ** possessed cocaine with the intent of distribution in violation of 21 U.S.C. § 841(a)(1).

## Applicable Law

3. 21 U.S.C. § 841(a)(1) prohibits any person from person knowingly or intentionally-- (1) manufacturing, distributing, or dispensing, or possessing with the intent to manufacture, distribute, or dispense, a controlled substance; or (2) creating, distributing, or dispensing, or possessing with the intent to distribute or dispense, a counterfeit substance.

## Facts Supporting Probable Cause

4. On October 29, 2009, while serving in an undercover capacity, I attempted to call Richard **FERNANDEZ** to confirm his willingness to trade two ounces of cocaine for four pistols. Prior to this date, I had engaged in several monitored phone calls where **FERNANDEZ** expressed interest in acquiring large caliber handguns. Due to cell phone coverage issues occurring on this date, I was unable to facilitate audio telephone conversations to confirm the

transaction. However, I was able to communicate with **FERNANDEZ** through text messaging.

5. At approximately 3:38 p.m. I informed **FERNANDEZ** that I had four firearms. **FERNANDEZ** asked what sizes were the firearms. I informed **FERNANDEZ** the firearms were .40 caliber and .45 caliber. **FERNANDEZ** responded what brand were the firearms. I informed **FERNANDEZ** that the firearms were manufactured by Glock and Ruger. Upon learning the firearm manufacturers, **FERNANDEZ** responded affirmatively and asked when I was coming to meet him. I informed **FERNANDEZ** that I would meet him 1501 Concord Avenue, Concord, CA 94520.

6. Prior to traveling to the aforementioned address, I communicated with **FERNANDEZ** to establish the firearms would be traded for "two zips," which is a colloquial term for two ounces. **FERNANDEZ** agreed that the firearms would be traded for "two zips" or two ounces of cocaine.

7. At approximately 3:50 p.m., I and law enforcement personnel from the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the Antioch Police Department arrived at the parking lot located on 1501 Concord Avenue, Concord, CA 94520. **FERNANDEZ** had agreed to meet me in forty-five minutes; however **FERNANDEZ** communicated that a traffic accident slowed his progression.

8. At approximately 5:52 p.m. ATF surveillance units observed a green, two door, Jaguar with California license plate CA 5WIF199 drive into the parking located at 1501 Concord Avenue, Concord, CA 94520. Several minutes later I received a text message from **FERNANDEZ** indicating that he was at the location. I surveyed the parking until he observed a Hispanic male with a black jacket and pants approaching my vehicle. Based on booking photos I had seen, I recognized the Hispanic male as consistent with **FERNANDEZ** photos.

9. The Hispanic male approached me and identified himself as "Rich" confirming his identity as **FERNANDEZ**. I instructed **FERNANDEZ** to park his vehicle next to my vehicle to facilitate the transaction. **FERNANDEZ** turned away from and started walking toward the Jaguar where he communicated with an individual later identified as Robert Gonzalez.

10. While Gonzalez was moving the Jaguar to my position, **FERNANDEZ** asked me if I had "a hook up at a gun store." I informed **FERNANDEZ** that I acquired the firearms from

Las Vegas. **FERNANDEZ** also asked whether I could acquire "choppers," which is a colloquial term for AK-47 and SKS style rifles. I replied that I could acquire such rifles.

11. Once Gonzalez had parked the Jaguar adjacent to my vehicle, I asked **FERNANDEZ** if he had the two ounces, which had been agreed upon prior to the transaction. **FERNANDEZ** approached the driver side of the Jaguar and ordered Gonzalez to hand me the two ounces. I opened the front passenger side of the Jaguar and received a portion of a black plastic bag from Gonzalez. I returned to my vehicle where I untied the black plastic bag to inspect the contents. I observed a white chalky substance in the bag. Through training and experience I observed that the white chalky substance appeared to be less than two ounces. I asked **FERNANDEZ** how much the bag's contents weighed. **FERNANDEZ** indicated that the contents were 56 grams, which is the metric conversion of two ounces

12. I placed the black plastic bag in the back seat of my vehicle and walked to the rear of my vehicle to retrieve the four firearms that had been agreed upon prior to the transaction. I retrieved a gray Reebok canvas bag containing three Glocks and one Ruger pistol. **FERNANDEZ** reviewed the firearms and informed me that they were good. **FERNANDEZ** removed the bag from the trunk, shook my hand, and started walking toward the Jaguar. At approximately 5:57 p.m., Antioch Police Department and Contra Costa County Sheriff Department Deputies arrested **FERNANDEZ** and Gonzalez.

13. On November 11, 2009 I transported the suspected cocaine recovered during the arrest of **FERNANDEZ** to the DEA Western Laboratory. On December 3, 2009 I reviewed the conclusion regarding the substance recovered during the arrest of **FERNANDEZ**. The results indicated that the net weight of the substance is 35.4 grams. The results also indicated that the substance analyzed contained cocaine hydrochloride.

//
//
//
//
//
//

## Conclusion

14. Based on the foregoing, I believe that there is probable cause to believe that on or about October 29, 2009, FERNANDEZ did knowingly possess cocaine with the intent to distribute, in violation of Title 21 United States Code, section 841(a)(1). I therefore respectfully request that the Court issue the requested criminal complaint and arrest warrant.

## Request for a sealing order

15. Because premature disclosure of this affidavit, complaint, and warrant might prejudice this investigation, I ask that the complaint and all related papers be filed under seal.

I declare under penalty of perjury under the laws of the United States that to the best of my knowledge and belief the foregoing is true and correct.

Tehran Palmer
Special Agent, Bureau of ATF

Sworn to me this
11th day of January 2010

LAUREL BEELER
United States Magistrate Judge
Northern District of California